IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHANIE M. HOOPER,                           Case No. 07-873-HO

       Plaintiff,                              ORDER

   v.

Commissioner of Social Security,

       Defendant,

    Plaintiff filed this action for review of the decision of the Commissioner denying her applications for disability insurance benefits and supplemental security income payments. For the reasons discussed below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

    Plaintiff first argues that the administrative law judge failed to comply with the Appeals Council's remand order. To the extent the court has jurisdiction to review compliance with the remand order, the court finds that the order did not prohibit the ALJ from obtaining a consultative rheumatology examination from an internist rather than a rheumatologist (Tr. 90, 487), and the

ALJ provided specific findings supported by appropriate rationale for each of the functional areas described in 20 C.F.R. §§ 404.1520a(c) and 416.920a(c), as required by the order (Tr. 90). The medical evidence supports the ALJ's findings regarding the "B" and "C" criteria for mental impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1.  (Tr. 30, 255, 296, 302-04, 507-09).

The ALJ rejected Dr. Ellison's opinion regarding plaintiff's ability to stand or walk, climb, balance, kneel, crouch crawl or stoop due to bilateral knee necrosis because the "knee impairment has not lasted for twelve consecutive months, as such limitations did not begin until some time in late 2004/early 2005."  (Tr. 31).  Although there is medical evidence that plaintiff complained of knee pain in August 2003, substantial medical evidence supports the ALJ's finding that this condition originated in late 2004.  (Tr. 387, 482).  Notwithstanding, the ALJ's reason for rejecting Dr. Ellison's opinion regarding the limiting effects of this impairment is insufficient because a disabling impairment need not have lasted for a period of twelve consecutive months.  20 C.F.R. §§ 404.1505(a); 416.905(a).

Dr. Herzberg's report does not necessarily require the ALJ to find that plaintiff's knee symptoms are permanent, as plaintiff contends.  The medical evidence does not support plaintiff's conclusion that she meets the severity requirements of Section 1.02A of 20 C.F.R. Pt. 404, Subpt. P, App. 1 for major

2 - ORDER

dysfunction of a joint. (Tr. 483). Whereas Section 1.02A requires limitation of motion or other abnormal motion, Dr. Herzberg found "the knee range of motion well preserved with full extension and approximately 120 degrees of flexion." (Tr. 480). Dr. Ellison's opinion that plaintiff does not need assistive devices is inconsistent with the ineffective ambulation criteria of Section 1.02A. (Tr. 489); 20 C.F.R. Pt. 404, Subpt. P., App. 1, §§ 1.00B2b, 1.02A.

Although plaintiff disagrees with the ALJ's findings regarding the severity of her symptoms, it does not follow that the ALJ failed to make findings regarding the severity of plaintiff's obesity. The ALJ found that plaintiff has this impairment, among others, and determined limitations attributable to plaintiff's impairments. (Tr. 29, 31-32).

The ALJ's decision does not address the evidence that plaintiff's medication causes side effects. Plaintiff testified that her medication causes sleep and prohibits driving. (Tr. 584). Plaintiff's witness stated that a negative side effect of plaintiff's medication is sleepiness. (Tr. 189). Dr. Brischetto wrote that plaintiff did not use pain medication before neuropsychological screening and that plaintiff's current intake of pain medication may impact quality of cognition and processing. (Tr. 507-08).

The ALJ permissibly found plaintiff's husband incredible due

3 - ORDER

to the evidence that he has a conviction for unemployment fraud. (Tr. 30, 227). The reason is germane to the witness. Plaintiff provides no authority in support of her argument that while such hearsay evidence is generally admissible, the use of the evidence to reject her husband's testimony "is improper as a matter of due process". Pl's Brief at 19. The argument is rejected.

Plaintiff argues that the ALJ improperly rejected lay evidence due to the witness's lack of expert qualifications in medical and/or vocational fields. Before noting the witness's lack of expert qualifications, the ALJ credited the witness's statement "to the extent she is simply reporting her observations of behaviors the claimant demonstrates." (Tr. 31). It is not apparent what part of the witness's statement, if any, the ALJ rejected. Plaintiff identifies no improperly rejected statement of the witness. At most, plaintiff demonstrates harmless error in this regard.

The record does not reveal whether plaintiff would necessarily be found disabled considering any side effects of medication and walking and standing limitations assessed by Dr. Ellison. This matter must be remanded to the ALJ for further proceedings and a new decision based on the five-step sequential evaluation, including consideration of the evidence of side effects of medication and reconsideration of Dr. Ellison's opinion. On remand, the ALJ is of course free to further develop

4 - ORDER

the record with evidence as to the persistence of plaintiff's knee impairment, or any other matter he deems appropriate.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded to the Appeal Council for remand to the ALJ for further proceedings and a new decision.

IT IS SO ORDERED.

DATED this __25th__ day of September, 2008.


                                                           __s/ Michael R. Hogan__
                                                         United States District Judge